## THE SADIE.

### NEW YORK & CUBA MAIL S. S. CO. v. FULTON LIGHTERAGE CO., Inc.

District Court, S. D. New York.
Feb. 25, 1932.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Eugene Underwood, of New York City, of counsel), for libelant.

Macklin, Brown, Lenahan & Speer, of New York City (C. F. Vander Clute, of New York City, of counsel), for respondent.

FRANK J. COLEMAN, District Judge.

The only question presented is whether the captain of the barge Sadie and her owners were negligent in leaving her unattended at a dock in the face of storm warnings. On April 27, 1928, the lighter Bucksport was moored to Pier 1, Staten Island, and the barge Sadie was moored outside of her with lines running only to the Bucksport. Another barge was subsequently moored outside the Sadie with lines running only to the latter. The Sadie's bargee left at 5 p. m. with the consent of her owners and did not return until the next morning. During the night a moderate storm arose which first broke the lines of the outside barge and sent her adrift.

Thereafter it broke one of the two lines which held the Sadie to the Bucksport, thus permitting one end of the Sadie to swing in the wind and sea and to come into repeated collision with the side of the Bucksport. Finally the remaining line broke and the Sadie went adrift. The damage occurred while the Sadie was swinging back and forth on the one line.

At the time the bargee left there were no local atmospheric indications of a storm and her lines were sufficient for the conditions then prevailing. At 4 p. m., however, one hour before he left, storm signals were hoisted on the Weather Bureau which had information showing the probability of a storm during the night. There is no evidence that either the bargee or the owners had express notice of these signals though eight or nine hours elapsed between the time when they were hoisted and the occurrence of the damage. I find that there was no negligence on the part of the Bucksport nor her captain who was at the scene, but powerless to stop the damage.

Under all the circumstances I believe it was negligence for both the master of the barge Sadie and her owners to have left her unattended. They knew that, if a storm arose during the night, it was not unlikely that she would do damage. Public notice of such storm was given an hour before he left and at least eight hours before the injury. I do not think that they were justified in failing to heed that notice, even though it may not have been brought to their individual attention. Decree for libelant.